73 F.3d 361
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Philip W. BERRYMAN, Plaintiff-Appellant,
v.
Janet EPP, et al., Defendants-Appellees.
 No. 94-2299.
 United States Court of Appeals, Sixth Circuit.
 Dec. 12, 1995.
 
 Before: MARTIN and JONES, Circuit Judges, and BELL, District Judge.*
 PER CURIAM.
 
 
 1
 This case requires us to decide whether summary judgment was properly granted to the defendants in this civil rights case. On February 18, 1994, Philip W. Berryman, a Michigan prisoner acting pro se, filed suit pursuant to 42 U.S.C. Sec. 1983 claiming that the defendants, treating dentists and supervisory personnel of the Michigan Department of Corrections, violated his Eighth Amendment right to be free from cruel and unusual punishment when they allegedly denied Berryman treatment for an impacted tooth during the time period of July 1993 to January 1994. As a result, he claims that he was in severe pain in the area of the impacted tooth and suffered pain and swelling on the left side of his face to his left ear.
 
 
 2
 It is undisputed that Berryman received an emergency examination on July 22, 1993, by Dr. Mulvihill, a dentist, while he was incarcerated at Egeler Correctional Facility. Berryman's dental record contains the following notes by Dr. Mulvihill regarding this examination:
 
 
 3
 Emergency exam. Prominent bony areas above # 11 and # 15 [on left side] are sensitive. (Unreadable word--possibly note of X-ray taken). Impacted # 16 [third molar] noted above # 15. Deep pocket distal # 15. Sealed area. Pt. worry probably main cause of pain. R (unreadable) exam.
 
 
 4
 J.A. at 122 (bracketed information from affidavit of Dr. Mulvihill, J.A. at 112-15). It is undisputed that an X-ray was taken and that Dr. Mulvihill used the X-ray in diagnosing the impacted # 16 tooth located in the upper left side of Berryman's mouth. (Complaint, J.A. at 14). In his affidavit, Dr. Mulvihill states that two other dentists happened to come by and that he showed the X-ray to both doctors. Mulvihill concludes, "Our consensus was that the tooth was in an unusual, though not unheard of position, and was likely to pose no threat to the health or well-being of Plaintiff." Mulvihill states he told Berryman of these findings and that Berryman would be on a list for a regular complete examination. Mulvihill examined Berryman again one week later, on July 30, 1993. Mulvihill noted in Berryman's dental record that Berryman needed a new medical history, and that two bitewing X-rays were taken.
 
 
 5
 Berryman was transferred to Lakeland Correctional Facility on November 4, 1993, and then transferred back to Egeler on January 1, 1994. While at Lakeland he states he was denied dental treatment despite allegedly requesting it three times during his two-month stay. Personnel at Lakeland deny having received requests for dental care from Berryman. His dental record contains no notation of treatment at Lakeland. Although this matter concerns only the treatment Berryman received from July 1993 to January 1994, subsequent to the filing of this action, Berryman's impacted tooth was extracted by a dentist in 1995.
 
 
 6
 The defendants filed a motion for summary judgment. On October 28, 1994, the district court granted summary judgment to the defendants on all claims.[1] We review a district court's order granting summary judgment is de novo. EEOC v. Univ. of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if there is no genuine issue as to any fact material to the claim and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Substantive law identifies which facts are material, and once the materiality of a fact is established, a court must determine whether a genuine issue regarding that fact exists. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). The substantive law regarding Berryman's claim is set forth in various Supreme Court cases as well as our decision in Brooks v. Celeste, 39 F.3d 125, 127-129 (6th Cir.1994) and Hicks v. Frey, 992 F.2d 1450, 1454-55 (6th Cir.1993). The Eighth Amendment places a constitutional obligation upon a state to provide adequate medical care to those it has incarcerated. Hicks, 992 F.2d at 1454 (citing Estelle v. Gamble, 429 U.S. 97 (1976)). This obligation includes a prohibition against the "unnecessary and wanton infliction of pain," and this prohibition may be transgressed where a state official acts with "deliberate indifference to the serious medical needs of prisoners." Id. (citing Estelle, 429 U.S. at 104). Therefore, Berryman must show that the defendants were deliberately indifferent to his serious medical needs in order to establish an Eighth Amendment claim. We believe defendants were entitled to summary judgment because Berryman failed to allege and support facts showing he had a sufficiently serious medical need and has not shown that the defendants acted with the requisite state of mind for an Eighth Amendment violation. Berryman's claim that he endured swelling in his left face and severe tooth pain for a period of approximately two months, without alleging and supporting more, is not a serious enough condition for an Eighth Amendment violation.
 
 
 7
 Furthermore, Berryman has failed to show that any defendant acted with deliberate indifference to his alleged serious medical needs. To establish deliberate indifference, Berryman must support allegations showing a state of mind equal to criminal recklessness. As we stated in Brooks,
 
 
 8
 In this last Supreme Court term, the Court defined "deliberate indifference." Farmer v. Brennan, 114 S.Ct. 1970 (1994). In Farmer, the Court held that a prison official acts with deliberate indifference when he acts with criminal recklessness. This state of mind requires that the official "consciously disregar[d]" a substantial risk of serious harm." Id. at 1980 (quoting Model Penal Code Sec. 2.02(2)(c) (1985)). Thus, a showing of deliberate indifference requires a showing of the official's actual awareness of a substantial risk of serious harm. Id. at 1981.
 
 
 9
 Brooks, 39 F.3d at 128. This Court also observed in Brooks that "deliberate indifference" requires that the inflicting official have acted with "subjective awareness of the deprivation." Id. at 129.
 
 
 10
 We believe that summary judgment was properly granted to Mulvihill and Williams because Berryman failed to establish that Mulvihill and Williams were indifferent to his condition. On the contrary, Berryman's dental records indicate that he was examined, diagnosed and treated for his impacted tooth by Dr. Mulvihill and received a consultation from Dr. Williams. We agree with the district court's assessment that Berryman's claim against Drs. Mulvihill and Williams is in essence a medical malpractice claim. Because neither Mulvihill nor Williams violated Berryman's Eighth Amendment right, summary judgment was also properly granted to their supervisor, Dr. Hutchinson.
 
 
 11
 As to the remaining defendants, all but perhaps Epp would be liable, if at all, only on a theory of supervisory liability. However, as this Court stated in Leach v. Shelby County Sheriff,
 
 
 12
 a failure of a supervisory official to supervise, control, or train the offending individual [employees] is not actionable absent a showing that the official either encouraged or in some way directly participated in it. At a minimum a plaintiff must show that the official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending [employees].
 
 
 13
 891 F.2d 1241, 1246 (6th Cir.1989) (citation omitted). The only defendant who might be directly responsible for providing Berryman with medical care would be Epp. She denies by affidavit receiving any requests from Berryman for dental care. Assuming arguendo that Epp denied Berryman's three requests for dental care, Berryman has not pled or supported facts to show that Cross and Redman, as supervisors, nor Epp as a direct care provider were subjectively aware of a serious medical condition posing a substantial risk of harm to Berryman's health. Again assuming he was denied care, Berryman himself did not file a grievance regarding his dental care, although he filed eleven grievances in his two month stay at Lakeland on other matters. We do not find in this record allegations to show that the Lakeland defendants were subjectively aware of a substantial risk of serious harm to Berryman.
 
 
 14
 The remaining personnel are supervisors at a higher level in the Michigan corrections system. Assuming that a lower level employee did commit an Eighth Amendment violation, Green, Chief Medical Director for the Michigan Department of Corrections, and Bolden, the Deputy Director of the Michigan Department of Corrections were properly granted summary judgment. Each presented affidavits showing that they did not know of Berryman's dental problems and did not take any action regarding this matter. Again, assuming an Eighth Amendment violation by Lakeland personnel, nothing in the record shows that Green or Berryman implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of any Lakeland employee.
 
 
 15
 Accordingly, the judgment of the district court is AFFIRMED as to all defendants.
 
 
 
 *
 The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation
 
 
 [1]
 Berryman had pled a Fourteenth Amendment due process claim as well as an Eighth Amendment claim, but the district court correctly decided that the Fourteenth Amendment claim should be analyzed under the Eighth Amendment claim, and therefore dismissed Berryman's separate due process claim against the defendants for failure to state a claim. Whitley v. Albers, 475 U.S. 312, 327 (1986)